**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ADE JACKSON, SB# 331575
   E-Mail: Ade.Jackson@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN D. GOINS, *Pro Hac Vice* GA State Bar No. 738593
   E-Mail: Jonathan.Goins@lewisbrisbois.com
600 Peachtree St. NE
Atlanta, Georgia 30308
Telephone: 404.348.8585
Facsimile: 404.467.8845

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| International Content Creators, Inc. a Nevada Corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>Zeus Networks, LLC, a Delaware Limited Liability Company, and DOES 1-10,<br><br>  Defendants. | Case No. 2:23-cv-09319 MCS (SKx)<br><br>**ZEUS NETWORKS, LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE PREVIOUSLY UNDISCLOSED DAMAGES AND PRECLUDE A JURY TRIAL; MEMO OF POINTS AND AUTHORITIES: DECLARATION OF ADE JACKSON**<br><br>FPTC Date:   January 6, 2025<br>Trial Date:   January 21, 2025 |

146531605.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on January 6, 2024 at 2:00 p.m. or as soon thereafter as the matter may be heard in Department 7C of the above-referenced court located at 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, defendant Zeus Networks, LLC ("Defendant" or "Zeus") will and hereby does move *in limine* as follows:

**Motion in Limine No. 1:** To exclude any damages evidence that International Content Creators, Inc. failed to provide during the discovery period, including but not limited to, documents and expert and lay testimony. This exclusion subsequently precludes a jury trial.

This motion *in limine* is based on this Notice of Motion and Accompanying Memorandum of Points and Authorities, the Declaration of Ade Jackson, the records and files of the Court, and any other matter of which this Court may take judicial notice.

<u>Certification of Compliance</u>

Pursuant to L.R. 7-3, the parties conferred regarding the issues raised in this Motion on October 3, 2024. (Declaration of Ade Jackson ("Jackson Dec." ¶ 4.)

DATED: December 4, 2024        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___*/s/ Jonathan D. Goins*___
Jonathan D. Goins
Attorneys for Defendant, Zeus Networks, LLC



146531605.1

1

ZEUS NETWORKS, LLC'S MOTION IN LIMINE NO. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff International Content Creators, Inc. ("Plaintiff" or "ICC") has proven time and again that it does not have any evidence as to its alleged damages. It failed to provide any evidence regarding damages during the discovery period and blew the expert discovery cut-off. Despite Zeus Networks LLC's ("Defendant" or "Zeus") strong belief that this case should be dismissed, ICC should at the very least be precluded from presenting evidence as to its damages during trial. Moreover, without evidence as to its damages, ICC is not entitled to a jury trial.

ICC should not be allowed to profit from any continuing non-compliance with the Federal Rules or the Court's Orders on discovery matters. Zeus accordingly moves *in limine* for an order precluding any testimony or other evidence relating to ICC's alleged damages not provided during the discovery period. This order should simultaneously foreclose any possibility of a jury trial as detailed below.

## II. DISCUSSION

### A. Authority of Court to Limit Admission of Evidence

The Court has the inherent authority to grant motions *in limine* and to exclude admission of evidence at trial to manage its own affairs and achieve the orderly and expeditious disposition of cases. *Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

### B. Documents Related To Damages Are Inadmissible.

Under Federal Rule of Civil Procedure Rule 37(c)(1), if a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a) or (e), the party is not allowed to use the information not provided at trial. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), such information includes "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or

1  defenses . . . ." Pursuant to Federal Rule of Civil Procedure 26(e), such information
2  also includes documents responsive to requests for production, and includes an
3  obligation to supplement responses with additional documents if the party learns the
4  response is "incomplete or incorrect." Rule 37 plainly precludes any party from
5  proffering documents at trial which should have been provided in initial disclosures
6  or in response to requests for production.

7  Moreover, the rule is self-executing and a party's failure to provide a
8  document in initial disclosures or response to a request for production requires
9  preclusion unless such party can show unusual or extenuating circumstances.
10 *Nordon v. Samper*, 544 F. Supp. 2d 45, 50 (D.D.C. 2008). The non-producing party
11 bears the burden of making this showing. *Torres v. City of Los Angeles*, 548 F.3d
12 1197, 1213 (9th Cir. 2008).

13 ICC had ample time to produce all relevant and responsive documents in this
14 matter, including those related to its alleged damages. If any responsive documents
15 have not been provided or produced by ICC by now, their admission should be
16 precluded at trial. In fact, the Court's September 9, 2024 Order confirms that "no
17 evidence procured by discovery taken or produced after the fact discovery cut-off of
18 August 26, 2024, may be used at trial." (Dkt. No. 51.)

19 In light of this history it is simply unfathomable that ICC could make any
20 showing of unusual or extenuating circumstances for not producing any evidence as
21 to its damages. ICC failed produce more than twelve documents, failed to file any
22 motions to compel Zeus' discovery responses, failed to timely disclose its experts,
23 and overall failed to prosecute this action. (Jackson Dec. ¶ 2-3.) Any claim of
24 unusual or extenuating circumstances at this juncture would be far beyond the pale.

25 **C. Testimony Related To Damages Is Inadmissible**
26 Under Federal Rule of Civil Procedure 37, where a party has refused to
27 produce documents in its initial disclosures or in response to requests for
28 production, the party is precluded from offering not only the documents, but also

testimony or other evidence regarding the contents of the documents themselves. *Baez Cruz v. Municipality of Dorado*, 780 F. Supp. 2d 154, 155 (D.P.R. 2011) (where police log books were requested by plaintiffs but not produced, testimony regarding contents of logbooks was inadmissible).

ICC should not enjoy the benefit of being able to testify or otherwise attempt to proffer evidence regarding contents of documents supporting its damages which have not been produced. To allow ICC to do so would frustrate the purpose of the Best Evidence Rule. *Medina v. Multaler, Inc.*, 2007 U.S. Dist. LEXIS 102352, *6 (C.D. Cal. Feb. 7, 2007) (citations omitted) ("The best evidence rule is a mechanism to prevent fraud or mistransmission of information, i.e., to ensure accuracy."); *Harris Corp. v. Ericsson, Inc.*, 194 F. Supp. 2d 533, 539 n.7 (N.D. Tex. 2002) ("the rule promotes the prevention of fraud because it allows parties to examine documents for any defects or alterations, and it dampens any desire to color testimony as to the contents of documents, since any testimony is subject to immediate corroboration.") (citations omitted).

ICC failed to timely disclose its experts and informed Zeus' counsel that it does not intend on relying on any expert testimony during trial. (Jackson Dec. ¶ 2.) It should similarly be precluded from presenting lay testimony regarding its damages because it failed to produce any documents to support such testimony.

**D. Lack Of Damages Means No Right To A Jury Trial**

In order to recover actual damages under the Lanham Act, a plaintiff must show that it suffered harm as a result of defendant's infringement. *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1220 (9th Cir. 2023) ("We assess trademark damages in the same manner as tort damages: the reasonably foreseeable harms caused by the wrong. Damages are typically measured by any direct injury which a plaintiff can prove, as well as any lost profits which the plaintiff would have earned but for the infringement.") (citing *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1222 (9th Cir. 2010)); *Ramada Inns, Inc. v. Gadsden Motel*

1  *Co.*, 804 F.2d 1562, 1563-64 (11th Cir. 1986); *Aladdin Mfg. Co. v. Mantle Lamp
2  Co. of Am.*, 116 F.2d 708, 716 (7th Cir. 1941); *Lindy Pen Co. v. Bic Pen Corp.*, 982
3  F.2d 1400, 1407 (9th Cir. 1993)).  Although the calculation of damages need not be
4  exact, it must be demonstrated with some degree of specificity.  *Ramada Inns, Inc.*,
5  804 F.2d at 1565-66.  As detailed above, ICC failed to present any evidence as to its
6  actual damages.

7        Given that ICC did not present any evidence as to its actual damages, then the
8  only monetary remedy left is an equitable consideration of disgorgement of Zeus'
9  profits.  *Jason Scott Collection, Inc.*, 68 F.4th at 1220 ("Under the Lanham Act, the
10 district court, 'in its discretion' and 'subject to the principles of equity,' may award
11 the plaintiff '(1) defendant's profits, (2) any damages sustained by the plaintiff, and
12 (3) the costs of the action' for a defendant's violation of a trademark right.  15
13 U.S.C. § 1117(a)").  Here, disgorgement of profits from Zeus should be excluded as
14 irrelevant and wholly speculative because ICC failed to identify any evidence
15 proving that sales resulted in revenue from the alleged unauthorized use of its
16 trademarks.  ICC failed to provide any discovery or expert testimony that supports
17 any confusion-based evidence of allegedly infringing sales. Indeed, *zero* sales,
18 profits, revenue or overall financial information were produced during discovery.

19       Pursuant to Fed. R. Civ. P. 26, ICC had the obligation to provide a
20 "computation of each category of damages claimed by [it]."  ICC's disclosures
21 failed to provide any computation of damages.  As of the date of this motion, ICC
22 had failed to provide any ascertainable computation of damages, including the
23 amount it is seeking to disgorge in terms of profits, if at all, from Zeus.  ICC also
24 failed to timely disclose any experts.  Therefore, ICC cannot depend on expert
25 opinion regarding its alleged damages.  *Univ. of Colo. Found., Inc. v. Am. Cyanamid
26 Co.*, 196 F.3d 1366, 1375 (Fed. Cir. 1999) (requiring plaintiff to show a connection
27 between the defendant's gross revenues and the alleged infringement, and because
28 of the plaintiff's failure to prove the same, affirming the district court's holding of

no damages). Courts are discouraged by profit seeking plaintiffs that fail to prove any reasonable link between the alleged infringement and any resulting nonspeculative profits.

Without any evidence as to damages, there can be no right to a jury trial. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (disgorgement of profits is equitable in nature and the Seventh Amendment only guarantees a litigant's right to a jury trial on "suits at common law"); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1348 (11th Cir. 2019) ("The remedy of an accounting and disgorgement of profits for trademark infringement is equitable in nature and has long been considered that way, so we hold that a plaintiff seeking defendant's profits in lieu of actual damages is not entitled to a jury trial."); *Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.*, 2023 U.S. Dist. LEXIS 86680, at *9 (S.D. Fla. May 16, 2023) ("a claim for an accounting and disgorgement of profits under the Lanham Act is equitable in nature and, therefore, that the Seventh Amendment's guarantee of a jury trial does not apply"); *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005) (By preserving the right to a jury trial only in suits at common law, the Seventh Amendment of the United States Constitution perpetuates the law/equity dichotomy.).

ICC has failed to provide any evidence of damages, including expert testimony supporting its claims against Zeus. Consequently, ICC has no right to a trial, and thus, it should be stricken.[1]

### III. CONCLUSION

For the reasons set forth herein, Zeus respectfully requests that the Court grant its Motion in Limine No. 1 and prevent ICC from presenting evidence as to its damages during a jury trial.

---

[1] Similarly, should the court strike ICC's request for a jury trial, Zeus will agree to waive its right to a jury trial on its counterclaim.

1

2  DATED: December 4, 2024        LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4

5                                By:     */s/ Jonathan D. Goins*
                                        Jonathan D. Goins
6                                       Attorneys for Defendant, Zeus Networks,
                                        LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Declaration of Ade Jackson

I, Ade Jackson, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and am an attorney with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for defendant and counter claimant Zeus Networks, LLC ("Zeus") herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. On September 18, 2024, Anastasiya Menshikova and I met and conferred with David Stewart and Jorge Franco at which time they stated that they do not intend on relying on expert testimony.

3. To date, International Content Creators, Inc. has timely produced a total of twelve documents, none of which establish and/or support its damages.

4. On October 3, 2024, Jonathan Goins, Larry Zerner, Anastasiya Menshikova, and I met and conferred with David Steward and Jorge Franco regarding our intent to file this motion *in limine*. Opposing counsel indicated that they intended on opposing our motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 4th day of December, 2024, at Los Angeles, California.

*/s/ Ade Jackson*
Ade Jackson



**FEDERAL COURT PROOF OF SERVICE**
International Content Creators, Inc. vs. Zeus Network, LLC
Case No. 2:23-cv-09318-MCS-SK

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 4, 2024, I served the following document(s): ZEUS NETWORKS, LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE PREVIOUSLY UNDISCLOSED DAMAGES AND PRECLUDE A JURY TRIAL; MEMO OF POINTS AND AUTHORITIES: DECLARATION OF ADE JACKSON

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 4, 2024, at San Diego, California.

        /s/ Brandi Sloane
        Brandi Sloane

146531605.1

1

ZEUS NETWORKS, LLC'S MOTION IN LIMINE NO. 1

**SERVICE LIST**
**International Content Creators, Inc. vs. Zeus Network, LLC**
**Case No. 2:23-cv-09318-MCS-SK**

| | |
|---|---|
| Rexford Brabson<br>rex@t-rexlaw.com<br>David Stewart<br>david@t-rexlaw.com<br>T-Rex Law P.C.<br>7040 Avenida Encinas #104-333<br>Carlsbad, CA 92011 | *Attorneys for Plaintiff and Counter-Defendant International Content Creators, Inc.* |