**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ADE JACKSON, SB# 331575
E-Mail: Ade.Jackson@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN D. GOINS, *Pro Hac Vice* GA State Bar No. 738593
E-Mail: Jonathan.Goins@lewisbrisbois.com
600 Peachtree St. NE
Atlanta, Georgia 30308
Telephone: 404.348.8585
Facsimile: 404.467.8845

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

International Content Creators, Inc. a Nevada Corporation,

Plaintiff,

vs.

Zeus Networks, LLC, a Delaware Limited Liability Company, and DOES 1-10,

Defendants.

Case No. 2:23-cv-09319 MCS (SKx)

**ZEUS NETWORKS, LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE DOCUMENTS NOT PRODUCED IN DISCOVERY; MEMO OF POINTS AND AUTHORITIES: DECLARATION OF JONATHAN GOINS**

FPTC Date: January 6, 2025
Trial Date: Januarv 21. 2025

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on January 6, 2024 at 2:00 p.m. or as soon thereafter as the matter may be heard in Department 7C of the above-referenced court located at 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, defendant Zeus Networks, LLC ("Defendant" or "Zeus") will and hereby does move *in limine* as follows:

**Motion in *Limine* No. 2:** To exclude documents proffered by International Content Creators, Inc. ("ICC") not disclosed in ICC's *Federal Rule of Civil Procedure* 26 initial disclosures, or produced in response to requests for production of documents served on ICC (hereafter "Unproduced Documents").

This motion *in limine* is based on this Notice of Motion and Accompanying Memorandum of Points and Authorities, the Declaration of Jonathan Goins, the records and files of the Court, and any other matter of which this Court may take judicial notice.

Certification of Compliance

Pursuant to L.R. 7-3, the parties conferred regarding the issues raised in this Motion on November 26, 2024. (Declaration of Jonathan Goins ("Goins Dec." ¶ 3.)

DATED: December 16, 2024 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Jonathan D. Goins*
Jonathan D. Goins
Attorneys for Defendant, Zeus Networks, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff International Content Creators, Inc. ("Plaintiff" or "ICC") has proven time and again that it does not intend to abide by the rules and orders of the Court. It failed to provide more than 12 records during the discovery period in response to Defendant's requests, and blew the expert discovery cut-off. Despite Zeus Networks LLC's ("Defendant" or "Zeus") strong belief that this case should be dismissed, ICC should at the very least be precluded from presenting documents at trial that were not disclosed during the discovery period.

ICC should not be allowed to profit from any continuing non-compliance with the Federal Rules or the Court's Orders on discovery matters. Zeus accordingly moves *in limine* for an order precluding the admission of any documents not provided in ICC's initial disclosures or discovery responses.

### II. DISCUSSION

#### A. Authority of Court to Limit Admission of Evidence

The Court has the inherent authority to grant motions *in limine* and to exclude admission of evidence at trial to manage its own affairs and achieve the orderly and expeditious disposition of cases. *Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

#### B. Documents Not Produced In Initial Disclosures Or In Response To Requests For Production Are Inadmissible.

Under Federal Rule of Civil Procedure Rule 37(c)(1), if a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a) or (e), the party is not allowed to use the information not provided at trial. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), such information includes "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or

defenses . . . ." Pursuant to Federal Rule of Civil Procedure 26(e), such information also includes documents responsive to requests for production, and includes an obligation to supplement responses with additional documents if the party learns the response is "incomplete or incorrect." Rule 37 plainly precludes any party from proffering documents at trial which should have been disclosed in initial disclosures or produced in response to requests for production during the discovery period.

Moreover, the rule is self-executing and a party's failure to provide a document in initial disclosures or response to a request for production requires preclusion unless such party can show unusual or extenuating circumstances. *Nordon v. Samper*, 544 F. Supp. 2d 45, 50 (D.D.C. 2008). The non-producing party bears the burden of making this showing. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

The parties' initial conference of counsel under Federal Rules of Civil Procedure Rule 26 took place on or about February 12, 2024. (Goins Dec. ¶ 5.) Thereafter Zeus served its First sets of Requests for Production of Documents on ICC on or about February 19, 2024. (*Id.*) ICC provided its initial disclosures on or about February 26, 2024. (*Id.*)

In its initial disclosures, ICC identified the following categories of documents that it may use in support of its claims: (1) Use And Intended Use Of Plaintiff's Mark Including Trademark Prosecution Files; (2) Nature Of Goods And Services Sold And Intended To Be Sold Under Plaintiff's Mark Including Web Site; (3) Actual And Intended Marketing/Trade Channels Of Plaintiff's Mark; and (4) Actual And Intended Typical Consumers Of Goods/Services Under Plaintiff's Mark. (Ex. 1 to Goins Dec.)

Once ICC identified the categories of documents it intended to use to support its claims, Zeus propounded written discovery requests including the following, "All DOCUMENTS referred to in your Rule 26 disclosure." (Ex. 2 to Goins Dec.) In its response to Zeus's RFP 1, ICC responded as follows: "The applicant will produce

any responsive documents found after conducting a reasonable search, if there are any." (Ex. 3 to Goins Dec.)

ICC responded without objection that it would produce all documents identified in its Rule 26 disclosures, "if there are any." As noted, ICC produced only 12 records in response to this document request. ICC never supplemented its initial disclosures, its written discovery responses or its document production in advance of the fact discovery cutoff. (*Id.*) ICC has had ample time to produce all relevant and responsive documents in this matter. If any responsive documents have not been provided or produced by ICC by now, their admission should be precluded at trial. In fact, the Court's September 23, 2024 Order confirms that "no evidence procured by discovery taken or produced after the fact discovery cut-off of August 26, 2024, may be used at trial." (Dkt. No. 51.)

Despite the Federal Rules and the Court's order, during the November 26, 2024 meet and confer, ICC indicated that it intends to attempt to introduce previously undisclosed recordings of conversations between Lemuel Plummer and Billy Kirby. (Goins Dec. ¶ 4.) Not only are these recordings a violation of California's two-party consent law, but they were never disclosed during the discovery period. ICC similarly indicated that it intends to attempt to reintroduce documents that the Court previously ruled it could not rely on at trial for failure to timely produce them. (Goins Dec. ¶ 4; Dkt. No. 51.) ICC also indicated that it intends to introduce various screenshots of websites that Zeus has yet to review. (Goins Dec. ¶ 4.)

On December 4, 2024, ICC shared its exhibits list with Zeus. (Goins Dec. ¶ 6.) The exhibits consist of 8 folders containing 72 records, many of which were not previously produced. (*Id.*) Only 10 of the exhibits that ICC intends to use during trial were timely disclosed during discovery, including (1) Baddies Audition Marketing Flyer; (2) Production Agreement; (3) Episode 1 Official; (4) OB Instagram 2020.10.14; (5) OB Instagram 2020.10.18; (6) OB Instagram 2020.06.25;

(7) Zeus Responses to PL's Interrogatories Set One 6.12.24; (8) Zeus Responses to PL's RFPD Set One; (9) Zeus Responses to PL's RFA Set One; and (10) Zeus Production. (*Id*.) All the other 62 records that ICC intends to rely on that are not subject to judicial notice should be excluded.

In light of ICC's history of ignoring the Federal Rules and the Court's orders, it is simply unfathomable that ICC could make any showing of unusual or extenuating circumstances for not producing these records that it now seeks to introduce at trial. ICC failed to produce more than twelve documents during discovery, failed to file any motions to compel Zeus' discovery responses, failed to timely disclose its experts, and overall failed to prosecute this action. (Goins Dec. ¶ 2.) Any claim of unusual or extenuating circumstances at this juncture would be far beyond the pale.

## III. CONCLUSION

For the reasons set forth herein, Zeus respectfully requests that the Court grant its Motion in Limine No. 2 and prevent ICC from presenting records it did not previously disclose during discovery.

DATED: December 16, 2024 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Jonathan D. Goins*
Jonathan D. Goins
Attorneys for Defendant, Zeus Networks, LLC

**Declaration of Jonathan Goins**

I, Jonathan Goins, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of Georgia and am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for defendant and counter claimant Zeus Networks, LLC ("Zeus") herein. I have been admitted pro hac vice for this case. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. To date, International Content Creators, Inc. has timely produced a total of twelve documents. ICC attempted to introduce additional documents post the discovery cut off and the Court ruled to exclude them.

3. During the November 26, 2024 meet and confer meeting, Larry Zerner, Anastasiya Menshikova, and I met and conferred with David Steward and Jorge Franco regarding the pretrial items mandated by Local Rule 16. We also expressed our intent to file this motion *in limine* upon hearing what exhibits ICC intends to rely on at trial.

4. Specifically, counsel for ICC indicated that it intends to introduce as trial exhibits previously undisclosed recorded conversations between Lemuel Plummer and Billy Kirby as well as documents that this Court previously precluded it from relying on at trial for failure to timely disclose them. When we raised this point to ICC's counsel represented that they would try to get the documents in despite the Court's prior Order on the exact same records. ICC also mentioned that it intends to introduce screenshots of various websites.

5. The parties' initial conference of counsel under Federal Rules of Civil Procedure Rule 26 took place on or about February 12, 2024. Thereafter Zeus served its First sets of Requests for Production of Documents on ICC on or about February 19, 2024. ICC provided its initial disclosures on or about February 26, 2024. ICC never supplemented its initial disclosures.

6. On December 4, 2024, ICC emailed its exhibits list to Zeus. The exhibits consist of 8 folders containing 72 records, many of which were not previously produced. Only 10 of the exhibits that ICC intends to use during trial were timely disclosed during discovery, including (1) Baddies Audition Marketing Flyer; (2) Production Agreement; (3) Episode 1 Official; (4) OB Instagram 2020.10.14; (5) OB Instagram 2020.10.18; (6) OB Instagram 2020.06.25; (7) Zeus Responses to PL's Interrogatories Set One 6.12.24; (8) Zeus Responses to PL's RFPD Set One; (9) Zeus Responses to PL's RFA Set One; and (10) Zeus Production.

7. Attached hereto as **Exhibit 1** is a true and correct copy of ICC's initial disclosures.

8. Attached hereto as **Exhibit 2** is a true and correct copy of Zeus' requests for production of documents, set 1.

9. Attached hereto as **Exhibit 3** is a true and correct copy of ICC's responses to Zeus' requests for production of documents, set 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 16th day of December, 2024, at Atlanta, Georgia.

*/s/ Jonathan D. Goins*
Jonathan Goins

# ICC's Initial Disclosures-

# EXHIBIT 1

REXFORD BRABSON (CA SBN 299802)
Rex@t-rexlaw.com
DAVID STEWART (CA SBN 353448)
David@t-rexlaw.com
T-REX LAW, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

Attorneys for Plaintiff and Counter-Defendant
International Content Creators, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| International Content Creators, Inc, a Nevada Corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>Zeus Networks, LLC, a Delaware Limited Liability Company, and DOES 1-10,<br><br>Defendant and Counter-Claimant. | Case No. 2:23-cv-09319-MCS-SK<br><br>**Plaintiff International Content Creators, Inc's Initial Disclosures** |

Plaintiff International Content Creators, Inc., ("Plaintiff") respectfully submits the following initial disclosures of information reasonably available as of this date pursuant to the provisions of Federal Rule of Civil Procedure 26(a)(1) &

(2). Plaintiff reserves the right to amend these initial disclosures as further information becomes available.

Plaintiff has made diligent efforts reasonable under the circumstances to comply with the requirements of Rule 26(a). Because this action is still in the early stages of discovery, Plaintiff reserves the right to rely on later discovered witnesses, and to rely on witnesses that are identified by Plaintiff at any point in this action.

Plaintiff reserves its rights to rely on later discovered documents and documents which are not reasonably available to it at this time, and to rely on documents that are produced by Plaintiff in discovery.

Plaintiff makes these disclosures without waiving the right to object on any grounds including competency, relevancy, privilege, materiality, hearsay, or any other grounds.

## PLAINTIFF'S INITIAL DISCLOSURES

**1) Fed. R. Civ. P. 26(a)(1)(A)(i)**: The following individuals or companies are likely to have discoverable information that Plaintiff may use to support its claims or defenses:

Duane Christy, Director, International Content Creators, Inc.

Richard Astoria, General Manager, International Content Creators Inc

7040 Avenida Encinas #104-333

Carlsbad, CA 92011

The foregoing individual or company has knowledge of the following matters:

- Plaintiff's application for the ONLY BADDIES trademark;

- Goods and services sold and intended to be in association with the ONLY BADDIES trademark;

- Plaintiff's actual and intended customers and consumers of Plaintiff's goods and services; and

- Plaintiff's actual and intended channels of trade.

**2) <u>Fed R. Civ. P. 26(a)(1)(A)(ii)</u>**: The following list is a description by category and location of all documents, electronically stored information, and tangible things that Plaintiff has in its possession, custody, or control and may use to support its claims or defenses:

Category: USE AND INTENDED USE OF PLAINTIFF'S MARK INCLUDING TRADEMARK PROSECUTION FILES

Category: NATURE OF GOODS AND SERVICES SOLD AND INTENDED TO BE SOLD UNDER PLAINTIFF'S MARK INCLUDING WEB SITE

Category: ACTUAL AND INTENDED MARKETING / TRADE CHANNELS OF PLAINTIFF'S MARK

Category: ACTUAL AND INTENDED TYPICAL CONSUMERS OF GOODS/SERVICES UNDER PLAINTIFF'S MARK

Location: 7040 Avenida Encinas #104-333

Carlsbad, CA 92011

**3) Fed R. Civ. P. 26(a)(1)(iii)**: Computation of each category of damages claimed by Plaintiff: At present, the damages incurred by the Plaintiff necessitate further discovery. Therefore, the Plaintiff expressly reserves the right to expand the categories of damages as the case progresses. This reservation is made in recognition of the evolving nature of the case and new information to emerge during the course of discovery.

**4) Fed R. Civ. P. 26(a)(1)(iv)**: Insurance Agreements: N/A. The Plaintiff is not currently aware of any insurance coverage related to this case.

Dated: February 26, 2024

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiff and Counter-Defendant International Content Creators, Inc.

T-Rex Law, P.C.
7040 Avenida Encinas #104-333

Carlsbad, CA 92011
Telephone: (858) 220-2325

**ATTESTATION**

I HEREBY ATTEST THAT ALL SIGNATORIES LISTED ABOVE, ON WHOSE BEHALF THIS DOCUMENT IS SUBMITTED, CONCUR IN THE FILING'S CONTENT AND HAVE AUTHORIZED THE FILING AND THAT A TRUE COPY OF THE FOREGOING APPLICANT'S INITIAL DISCLOSURES IS BEING ELECTRONICALLY MAILED TO THE FOLLOWING ADDRESS:

Larry Zerner (SBN 155473
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310)773-3623
Email: Larry@ZernerLaw.com

**DATED:** FEBRUARY 26, 2024

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiff and Counter-Defendant International Content Creators, Inc.

T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

# Zeus' requests for production of documents, set 1.

# EXHIBIT 2

Larry Zerner (155473)
Law Office of Larry Zerner
1801 Century Park East. Ste. 2400
Los Angeles, CA 90067
Telephone: (310) 773-3623
Email: Larry@Zernerlaw.com

Attorneys for Defendant Zeus Networks, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| International Content Creators, Inc, a Nevada Corporation,<br>Plaintiffs,<br>vs.<br>Zeus Networks, LLC, a Delaware Limited Liability Company, and DOES 1-10, Defendants.<br>AND RELEATED CROSS-ACTIONS | Case No. 2:23-cv-9319-MCS-SK<br>REQUEST FOR PRODUCTION OF DOCUMENTS TO INTERNATIONAL CONTENT CREATORS (SET ONE) |

PROPOUNDING PARTY: ZEUS NETWORKS, LLC

RESPONDING PARTY: INTERNATIONAL CONTENT CREATORS, INC.

SET NUMBER: One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Zeus Networks, LLC ("Defendant") requests that International Content Creators, Inc. respond to the following Requests For Production Of Documents and produce the requested documents and things

within 30 days of service at the Law Offices Of Larry Zerner, 1801 Century Park East, Ste. 2400, Los Angeles, CA 90067 or by Email to Larry@Zernerlaw.com.

**INSTRUCTIONS**.

As used herein, the singular shall always include the plural, OR vice versa, and verb tenses shall always include the past, present and future tenses. “ANY” shall be understood to include and encompass “ALL”. “ALL” shall be understood to include and encompass “ANY”. The words “AND” as well as “OR” shall be construed disjunctively or conjunctively as necessary to bring within the scope of an interrogatory ALL matter and information that might otherwise be construed to be outside its scope.

DEFINITIONS

1. The term “DOCUMENT(S)”, as used herein, is used in its broad sense to encompass ALL “documents” and “tangible things” subject to a Request for Production under Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all writings, recordings and photographs encompassed by Rule 1001 of the Federal Rules of Evidence, as well as ALL written, printed, typed, computerized or other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and DUPLICATES bearing notations or marks not found on the ORIGINAL, or which otherwise differ from the ORIGINAL.

2. The terms “ORIGINAL” and “DUPLICATE” are used herein as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

3. The phrases "REFERRING TO" or "RELATING TO" shall be construed in the broadest sense and mean and include: concerning, alluding to, responding to, connected with, commenting on, with respect to, pertaining to, about, regarding, discussing, involving, showing, describing, reflecting, analyzing, evidencing or comprising.

4. The term “IDENTIFY”, when used in reference to a natural person, means to state his or her full name, present residential address and telephone number, present business title, present business affiliation, and present business address and telephone number and email address or, if the above is not known, such information as was last known.

5. The term “IDENTIFY”, when used with reference to an entity such as a partnership, whether general or limited, corporation, trust, firm, foundation, association or joint venture, means to state the full legal name of such entity, each number under which such entity does business, the entity’s street address, the entity’s business address, the entity’s telephone and facsimile numbers, and the identity of the chief operating officer, president, manager, trustee or other principle.

6. The term “IDENTIFY”, when used in reference to a DOCUMENT, means to state the date, title and type of the DOCUMENT (e.g., letter, memorandum, contract, telegram or some other means of identifying it), to IDENTIFY the author(s) and addressee(s) of

the document, if any, and, if the DOCUMENT is an AGREEMENT, to IDENTIFY each party to the AGREEMENT.

7. The term "PERSON", as used herein, means any individual, corporation, firm, association, organization, joint venture, partnership or other corporate or non-corporate entity.

8. The terms "YOU" and "YOUR" mean and refer to International Content Creators, Inc. ,and includes its agents, employees, attorneys, consultants, corporations, partnerships, subsidiaries, parent companies, and any other person or entity acting on their behalf.

9. "ACTION" means and refers to the instant action.

10. "COMMUNICATION(S)" means and refers to any transmission, transfer, conveyance or exchange of meaning or information, opinions, questions, or comments of any kind, in any manner, at any time or place and under any circumstances, whether by spoken or written language or other means of transmission or conveyance.

11. "THE TRADEMARKS" means and refers to the trademarks that are the subject of this lawsuit.

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS referred to in your Rule 26 disclosure. The term "DOCUMENT(S)", as used herein, is used in its broad sense to encompass ALL "documents" and "tangible things" subject to a Request for Production under Rule 34 of

the Federal Rules of Civil Procedure, and includes, but is not limited to, all writings, recordings and photographs encompassed by Rule 1001 of the Federal Rules of Evidence, as well as ALL written, printed, typed, computerized or other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and DUPLICATES bearing notations or marks not found on the ORIGINAL, or which otherwise differ from the ORIGINAL.

**REQUEST FOR PRODUCTION NO. 2**

All episodes of a television series produced by YOU titled "Only Baddies." (YOU and YOUR refers to Plaintiff).

**REQUEST FOR PRODUCTION NO. 3**

All contracts or agreements YOU have with a person known on Only Baddies as @CEO.

**REQUEST FOR PRODUCTION NO. 4**

All episodes of a television series YOU produced or aired in which the person known as @CEO appears.

**REQUEST FOR PRODUCTION NO. 5**

Examples of all advertising and promotion (including social media posts) that YOU have done for the "Only Baddies" television series or which was done on its behalf. (YOU and YOUR refers to Plaintiff).

**REQUEST FOR PRODUCTION NO. 6**

Examples of all advertising and promotion (including social media posts) that YOU have done for the "Only Baddies" website.

**<u>REQUEST FOR PRODUCTION NO. 7</u>**

All DOCUMENTS which you contend show that there is actual confusion between YOUR trademarks and any of Defendant's trademarks.

**<u>REQUEST FOR PRODUCTION NO. 8</u>**

All communications between YOU and Defendants or any of their officers, directors, or employees.

**<u>REQUEST FOR PRODUCTION NO. 9</u>**

All communications between YOU and Natalie Nunn.

**<u>REQUEST FOR PRODUCTION NO. 10</u>**

All communications between YOU and Lemuel Plummer.

**<u>REQUEST FOR PRODUCTION NO. 11</u>**

All communications between YOU and Jacob Payne.

**<u>REQUEST FOR PRODUCTION NO. 12</u>**

All DOCUMENTS which refer or reflect any settlement talks entered into between YOU and Defendant beginning in mid-December 2021.

**<u>REQUEST FOR PRODUCTION NO. 13</u>**

All DOCUMENTS which YOU rely upon to show the amount of monetary loss that YOU have incurred as a result of Defendant's alleged infringement of YOUR trademarks.

**<u>REQUEST FOR PRODUCTION NO. 14</u>**

DOCUMENTS which show the monthly page views on the ONLY BADDIES website from September 2020 to the present.

**<u>REQUEST FOR PRODUCTION NO. 15</u>**

All DOCUMENTS which YOU contend show that ONLY BADDIES is a famous mark.

**<u>REQUEST FOR PRODUCTION NO. 16</u>**

Documents which show that YOU were using the ONLY BADDIES trademark in connection with "Entertainment services in the nature of development, creation, production, distribution, and post-production of television shows" as of September 19, 2020.

**REQUEST FOR PRODUCTION NO. 17**

Documents which show that YOU were using the ONLY BADDIES trademark in connection with "Entertainment services in the nature of an ongoing reality based television programs" as of September 19, 2020.

**REQUEST FOR PRODUCTION NO. 18**

Documents which show that YOU were using the ONLY BADDIES trademark in connection with "Entertainment services in the nature of creation, development, and production of television programming" as of September 19, 2020.

**REQUEST FOR PRODUCTION NO. 19**

Copies of any complaints that YOU or YOUR attorneys have filed against any person or entity (other than Defendant) for infringing the ONLY BADDIES trademarks.

**REQUEST FOR PRODUCTION NO. 20**

Copies of any cease and desist letters that YOU or YOUR attorneys have sent to any person or entity (other than Defendant) for infringing the ONLY BADDIES trademarks.

**REQUEST FOR PRODUCTION NO. 21**

All episodes of a television series titled "HOUSE OF BADDIES."

**REQUEST FOR PRODUCTION NO. 22**

All Documents regarding the production of a television series titled "HOUSE OF BADDIES."

Dated: February 19, 2024

Law Office of Larry Zerner

By: /Larry Zerner/

Larry Zerner
Attorney for Defendant Zeus Network, LLC

PROOF OF SERVICE

On February 19, 2024, I served the foregoing documents described as:

REQUEST FOR PRODUCTION OF DOCUMENTS TO INTERNATIONAL CONTENT CREATORS (SET ONE)

Said document was served on the interested party(ies) in this action as follows:

Rexford Brabson Email: rex@t-rexlaw.com
Jorge Franco Email: jfranco@t-rexlaw.com
David Stewart Email: david@t-rexlaw.com

_____BY MAIL: I am readily familiar with the practices of this business for collection and processing of mail, and I declare that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit regarding proof of service.

__X__BY ELECTRONIC MAIL: The above-referenced document was transmitted in "pdf" format by electronic ("e-mail") to each of the email addresses on the attached service list, and no errors were reported.

_____PERSONAL SERVICE: I caused said envelope to be delivered to the offices of the addressee(s) marked with a ***.

Executed on February 19, 2024 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Larry Zerner

# ICC’s responses to Zeus’ requests for production of documents, set 1.-

# EXHIBIT 3

REXFORD BRABSON (CA SBN 299802)
Rex@t-rexlaw.com
DAVID STEWART (CA SBN 353448)
David@t-rexlaw.com
T-REX LAW, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

Attorneys for Plaintiff and Counter-Defendant
International Content Creators, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| International Content Creators, Inc, a Nevada Corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>Zeus Networks, LLC, a Delaware Limited Liability Company, and DOES 1-10,<br><br>Defendant and Counter-Claimant. | Case No. 2:23-cv-09319-MCS-SK<br><br>RESPONSES TO FIRST SET OF REQUEST FOR PRODUCTION |

In response to Zeus Networks, LLC First Set of REQUEST FOR PRODUCTION, and pursuant to Federal Rule of Civil Procedure 36, International Content Creators, Inc ("Plaintiff") responds as follows:

## GENERAL STATEMENT

1) Plaintiff, based upon its current knowledge, understanding, and belief of the facts and information available to it as of the date on which this response is made, responds and objects as set forth below. Without in any way obligating itself to do so, Plaintiff reserves the right to modify or supplement its responses with such pertinent information as may subsequently be discovered or as pertinent information subsequently becomes available to it. This response is given without prejudice to using, or relying on at trial, subsequently discovered information or information omitted from its response as a result of error, oversight, or inadvertence. Plaintiff further reserves the right to produce additional facts and evidence at trial, and to object on appropriate grounds to the introduction of any evidence included in these responses.

2) Plaintiff responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

a. The right to raise all questions of relevancy, materiality, privilege, and/or admissibility as evidence for any purpose of the responses to this set of Requests for Admission, in any subsequent proceeding in, or at the trial of, this or any other action;

b. The right to object to the use of these responses in any subsequent proceeding and/or the trial of this or any other action on any ground;

c. The right to object on any ground at any time to other requests for responses to this set of Requests for Admission or other discovery involving the response or the subject matter thereof;

d. The right to use or rely on, at trial or otherwise, subsequently discovered information or information omitted from this response as a result of error, oversight, or inadvertence;

e. The right to produce additional facts and evidence, at trial or otherwise, and to object on appropriate grounds to the introduction of any evidence included in this response; and

f. The right to make amended or supplemental responses if Plaintiff uncovers additional information pertinent to Plaintiff's responses to this set of Requests for Admission. Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations. Plaintiff specifically disavows any special meaning or connotation that might be accorded such terms, unless explicitly stated otherwise.

g. Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts and evidence, notwithstanding the absence of reference to such witnesses, facts and evidence in these responses. Finally, because some of these responses may have been ascertained by Plaintiff's attorneys and/or investigators, Plaintiff may not have personal knowledge of the information from which such responses were derived.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1** All DOCUMENTS referred to in your Rule 26 disclosure. The term "DOCUMENT(S)", as used herein, is used in its broad sense to encompass ALL "documents" and "tangible things" subject to a Request for Production under Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all writings, recordings and photographs encompassed by Rule

1001 of the Federal Rules of Evidence, as well as ALL written, printed, typed, computerized or other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and DUPLICATES bearing notations or marks not found on the ORIGINAL, or which otherwise differ from the ORIGINAL.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 2**

All episodes of a television series produced by YOU titled “Only Baddies.” (YOU and YOUR refers to Plaintiff).

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for production of all episodes of the television series titled "Only Baddies" on the grounds that it is overly broad and unduly burdensome. The request fails to specify a relevant time frame or context, and the term "all episodes" encompasses a vast amount of potentially irrelevant material.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 3**

All contracts or agreements YOU have with a person known on Only Baddies as @CEO.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for production of all contracts or agreements with a person known on Only Baddies as "@CEO" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses asserted in this case.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

There are no responsive documents CEO Cambi, also known as Erica, is the owner, and no paperwork was completed.

**REQUEST FOR PRODUCTION NO. 4**

All episodes of a television series YOU produced or aired in which the person known as @CEO appears.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for production of all episodes of a television series in which the person known as @CEO appears on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses asserted in this case. The request fails to specify a relevant time frame or context for the episodes sought and does not provide clarity regarding the purpose or relevance of the requested material.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

Confessionals featuring CEO introducing the cast are available and will be produced.

**REQUEST FOR PRODUCTION NO. 5**

Examples of all advertising and promotion (including social media posts) that YOU have done for the “Only Baddies” television series or which was done on its behalf. (YOU and YOUR refers to Plaintiff).

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for examples of all advertising and promotion, including social media posts, related to the "Only Baddies" television series on the grounds that it is overly broad, unduly burdensome, the request fails to specify a relevant time frame or context for the advertising and promotion sought and does not provide clarity regarding the purpose or relevance of the requested material.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 6**

Examples of all advertising and promotion (including social media posts) that YOU have done for the “Only Baddies” website.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for production of all advertising and promotion materials, including social media posts, related to the "Only Baddies" website on the grounds that the requested information is already in the public domain and accessible to all.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

See the public social media platform Instagram, specifically through the @onlybaddies account.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS which you contend show that there is actual confusion between YOUR trademarks and any of Defendant’s trademarks.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for production of all documents showing actual confusion between the Plaintiff's trademarks and any of the Defendant's trademarks on the grounds that it is overly broad, unduly burdensome. The request fails to specify a relevant time frame or context for the documents sought and does not provide clarity regarding the purpose or relevance of the requested material.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 8**

All communications between YOU and Defendants or any of their officers, directors, or employees.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for all communications between the Plaintiff and Defendants or any of their officers, directors, or employees on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses asserted in this case. Moreover, the request implicates issues of

privacy and confidentiality, as it seeks potentially sensitive information about communications between parties. Requiring the production of all communications could result in the disclosure of privileged attorney-client communications, confidential business negotiations, and personal communications that are not relevant to the present litigation.

**REQUEST FOR PRODUCTION NO. 9**

All communications between YOU and Natalie Nunn.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for all communications between the Plaintiff and Defendants or any of their officers, directors, or employees on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses asserted in this case. Moreover, the request implicates issues of privacy and confidentiality, as it seeks potentially sensitive information about communications between parties. Requiring the production of all communications could result in the disclosure of privileged attorney-client communications, confidential business negotiations, and personal communications that are not relevant to the present litigation.

**REQUEST FOR PRODUCTION NO. 10**

All communications between YOU and Lemuel Plummer.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for all communications between the Plaintiff and Defendants or any of their officers, directors, or employees on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses asserted in this case. Moreover, the request implicates issues of

privacy and confidentiality, as it seeks potentially sensitive information about communications between parties. Requiring the production of all communications could result in the disclosure of privileged attorney-client communications, confidential business negotiations, and personal communications that are not relevant to the present litigation.

**REQUEST FOR PRODUCTION NO. 11**

All communications between YOU and Jacob Payne.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for all communications between the Plaintiff and Defendants or any of their officers, directors, or employees on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses asserted in this case. Moreover, the request implicates issues of privacy and confidentiality, as it seeks potentially sensitive information about communications between parties. Requiring the production of all communications could result in the disclosure of privileged attorney-client communications, confidential business negotiations, and personal communications that are not relevant to the present litigation.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS which refer or reflect any settlement talks entered into between YOU and Defendant beginning in mid-December 2021.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for all documents referring or reflecting settlement talks between the Plaintiff and Defendant beginning in mid-December

2021 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame or context for the settlement talks and does not provide clarity regarding the purpose or relevance of the requested material.

Moreover, the request implicates issues of confidentiality and privilege. The production of all documents related to settlement talks will result in the disclosure of privileged communications and confidential negotiations.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS which YOU rely upon to show the amount of monetary loss that YOU have incurred as a result of Defendant's alleged infringement of YOUR trademarks.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for all documents relied upon to show the amount of monetary loss incurred as a result of the Defendant's alleged infringement of Plaintiff's trademarks on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame or context for the documents sought and does not provide clarity regarding the purpose or relevance of the requested material.

Moreover, the request implicates issues of privilege and work product doctrine, as it seeks documents related to the Plaintiff's assessment of damages and litigation strategy.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 14**

DOCUMENTS which show the monthly page views on the ONLY BADDIES website from September 2020 to the present.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for documents showing the monthly page views on the ONLY BADDIES website from September 2020 to the present on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS which YOU contend show that ONLY BADDIES is a famous mark.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for all documents that the Plaintiff contends show that ONLY BADDIES is a famous mark on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame or context for the documents sought.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 16**

Documents which show that YOU were using the ONLY BADDIES trademark in connection with "Entertainment services in the nature of development, creation, production, distribution, and post-production of television shows" as of September 19, 2020.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for documents showing the use of the ONLY BADDIES trademark in connection with "Entertainment services in the nature of development, creation, production, distribution, and post-production of television shows" as of September 19, 2020, on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 17**

Documents which show that YOU were using the ONLY BADDIES trademark in connection with "Entertainment services in the nature of an ongoing reality based television programs" as of September 19, 2020.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for documents on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 18**

Documents which show that YOU were using the ONLY BADDIES trademark in connection with "Entertainment services in the nature of creation, development, and production of television programming" as of September 19, 2020.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for documents on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 19**

Copies of any complaints that YOU or YOUR attorneys have filed against any person or entity (other than Defendant) for infringing the ONLY BADDIES trademarks.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for documents on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 20**

Copies of any cease and desist letters that YOU or YOUR attorneys have sent to any person or entity (other than Defendant) for infringing the ONLY BADDIES trademarks.

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for copies of any cease and desist letters sent by the Plaintiff or Plaintiff's attorneys to any person or entity (other than the Defendant) for infringing the ONLY BADDIES trademarks on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses asserted in this case. The request fails to specify a relevant time frame or context for the letters sought.

Moreover, the request implicates issues of attorney-client privilege and work product doctrine, as it seeks communications between the Plaintiff and its attorneys regarding potential trademark infringement matters. Requiring the production of such letters will result in the disclosure of privileged communications and legal strategies that are not relevant to the present litigation.

**REQUEST FOR PRODUCTION NO. 21**

All episodes of a television series titled "HOUSE OF BADDIES.”

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for documents on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

**REQUEST FOR PRODUCTION NO. 22**

All Documents regarding the production of a television series titled "HOUSE OF BADDIES."

**SPECIFIC OBJECTIONS AND RESPONSE:**

The Plaintiff objects to the request for documents on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to this case. The request fails to specify a relevant time frame.

Subject to and without waiving the foregoing objections, Applicant responds as follows:

The applicant will produce any responsive documents found after conducting a reasonable search, if there are any.

Dated: April 24, 2024

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiff and Counter-Defendant International Content Creators, Inc.

T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

PROOF OF SERVICE

On April 24, 2024, I served the foregoing documents described as:

RESPONSES TO THE FIRST SET OF REQUEST FOR PRODUCTION

Said document was served on the interested party(ies) in this action as follows:

Larry Zerner
Email: larry@zernerlaw.com

____BY MAIL: I am readily familiar with the practices of this business for collection and processing of mail, and I declare that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit regarding proof of service.

__X__BY ELECTRONIC MAIL: The above-referenced document was transmitted in "pdf" format by electronic ("e-mail") to each of the email addresses on the attached service list, and no errors were reported.

PERSONAL SERVICE: I caused said envelope to be delivered to the offices of the addressee(s) marked with a ***.

Executed on April 24, 2024 at Escondido, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

By: /s/ Jorge M. Franco Esq.
Jorge M. Franco, Esq.,
Jfranco@t-rexlaw.com

**FEDERAL COURT PROOF OF SERVICE**
International Content Creators, Inc. vs. Zeus Network, LLC
Case No. 2:23-cv-09318-MCS-SK

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 16, 2024, I served the following document(s): ZEUS NETWORKS, LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE DOCUMENTS NOT PRODUCED IN DISCOVERY; MEMO OF POINTS AND AUTHORITIES: DECLARATION OF JONATHAN GOINS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 16, 2024, at San Diego, California.

/s/ Brandi Sloane
Brandi Sloane

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
**International Content Creators, Inc. vs. Zeus Network, LLC**
**Case No. 2:23-cv-09318-MCS-SK**

Rexford Brabson
rex@t-rexlaw.com
David Stewart
david@t-rexlaw.com
T-Rex Law P.C.
7040 Avenida Encinas #104-333
Carlsbad. CA 92011

*Attorneys for Plaintiff and Counter-Defendant International Content Creators, Inc.*