UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-09319-MCS-SK | Date January 17, 2025 |
| Title *Int'l Content Creators, Inc. v. Zeus Networks, LLC* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE AND VACATING TRIAL

At the final pretrial conference, in response to arguments raised in Defendant's first motion in limine (ECF No. 59), the Court asked Plaintiff what damages evidence it intended to present at trial. (FPTC Mins., ECF No. 96.) Plaintiff's counsel represented that Plaintiff intended to introduce evidence of damages through its witnesses' lay testimony. Because Plaintiff confirmed it did not intend to introduce documentary evidence not disclosed during discovery, the Court denied Defendant's motion in limine. (Order 7–8, ECF No. 106.) The Court noted that Rule 37(c)(1)'s self-executing nature as well as the Court's prohibition on overgeneralized motions in limine rendered Defendant's motion improper. (*Id.* at 8.)

Defendant argues in its trial brief that because Plaintiff allegedly failed to provide "a computation of each category of damages claimed by the disclosing party" as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii), it should be precluded from presenting lay testimony on damages. (Def.'s Trial Brief 3, ECF No. 103.) The Court questions whether Plaintiff may introduce damages evidence through lay testimony given its failure to comply with Rule 26. *See Anhing Corp. v. Viet Phu, Inc.*, 671 F. App'x 956, 958 (9th Cir. 2016) (affirming exclusion of damages evidence as a sanction for violation of Rule 26(a)(1)(A)(iii)).

The Court orders Plaintiff to show cause why sanctions should not be imposed, including but not limited to exclusion of damages evidence via lay witness testimony, Fed. R. Civ. P. 37(b)(2)(A)(ii), (c)(1)(C), or dismissal, *id.* R. 27(b)(2)(A)(v), (c)(1)(C). Plaintiff shall file a written response within seven days, and Defendant may file a response within seven days thereafter. Failure to file a timely and satisfactory response will result in imposition of sanctions without further notice.

The Court vacates the trial scheduled to begin on January 21, 2025.

**IT IS SO ORDERED.**